MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
JESUS ARMANDO ARELLANO AGUILAR,
and DIANA ARACELI VICTORIA
CAAMAL, *individually and on behalf of*
*others similarly situated,*

                             *Plaintiffs*,

      -against-

T.R.F.C. 932 RESTAURANT
ENTERPRISES, LTD. (d/b/a MATT'S
GRILL) and TERENCE G. FERGUSON

                            *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Jesus Armando Arellano Aguilar and Diana Araceli Victoria Caamal, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against T.R.F.C. 932 Restaurant Enterprises, Ltd. (d/b/a Matt's Grill) ("Defendant Corporation") and Terence G. Ferguson ("Individual Defendant"), allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs are former employees of Defendants T.R.F.C. 932 Restaurant Enterprises, Ltd. (d/b/a Matt's Grill) and Terence G. Ferguson (collectively, "Defendants").

2. Defendants own, operate, or control an American restaurant located at 932 8th Ave, New York, NY 10019 under the name Matt's Grill.

3. Upon information and belief, individual defendant Terence G. Ferguson serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the American restaurant as a joint or unified enterprise.

4. Plaintiffs were employed as a cook and a salad maker and dishwasher.

5. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that they worked over 40.

6. Rather, prior to March 2017, Defendants failed to maintain accurate recordkeeping of their hours worked and failed to pay Plaintiffs appropriately for any hours they worked over 40.

7. Further, Defendants failed to pay Plaintiff Araceli the required "spread of hours" pay for any day in which she worked over 10 hours per day.

8. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

9. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

10. Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an American restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

13. Plaintiff Jesus Armando Arellano Aguilar ("Plaintiff Armando" or "Mr. Armando") is an adult individual residing in Queens County, New York. Plaintiff Armando was employed by Defendants from approximately February 2016 until on or about January 10, 2017.

14. Plaintiff Diana Araceli Victoria Caamal ("Plaintiff Araceli" or "Ms. Araceli") is an adult individual residing in Queens County, New York. Plaintiff Araceli was employed by Defendants from approximately October 2016 until on or about July 25, 2017.

*Defendants*

15. At all relevant times, Defendants own, operate, or control an American restaurant located at 932 8th Ave, New York, NY 10019 under the name "Matt's Grill."

16. Upon information and belief T.R.F.C. 932 Restaurant Enterprises, Ltd. ("Defendant Corporation") is a domestic corporation organized and existing under the laws of the State of New York.

17. Upon information and belief, Defendant Corporation has its principal place of business at 932 8th Ave, New York, NY 10019.

18. Defendant Terence G. Ferguson is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Terence G. Ferguson is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Terence G. Ferguson possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Terence G. Ferguson determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**
*Defendants Constitute Joint Employers*

19. Defendants operate an American restaurant located in the Midtown West section of Manhattan in New York City.

20. Individual Defendant, Terence G. Ferguson, possesses operational control over Defendant Corporation, possesses ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

21. Defendants are associated and joint employers, acted in the interest of each other with respect to employees, payed employees by the same method, and shared control over employees.

22. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

23. Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

24. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

25. Upon information and belief, individual defendant Terence G. Ferguson operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a. failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

   b. defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c. transferring assets and debts freely as between all Defendants,

   d. operating Defendant Corporation for his own benefit as the sole or majority shareholder,

   e. operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation,

   f. intermingling assets and debts of his own with Defendant Corporation,

  g. diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests; and,

  h. other actions evincing a failure to adhere to the corporate form.

26. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

27. In each year from 2016 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the American restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

29. Plaintiffs are former employees of Defendants who were employed as a cook and a salad preparer and dishwasher.

30. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jesus Armando Arellano Aguilar*

31. Plaintiff Armando was employed by Defendants from approximately February 2016 until on or about January 10, 2017.

32. Defendants employed Plaintiff Armando as a cook.

33. Plaintiff Armando regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

34. Plaintiff Armando's work duties required neither discretion nor independent judgment.

35. Throughout his employment with Defendants, Plaintiff Armando regularly worked in excess of 40 hours per week.

36. From approximately February 2016 until on or about January 10, 2017, Plaintiff Armando worked from approximately 4:00 p.m. until on or about 12:30 a.m. three days a week and from approximately 4:00 p.m. until on or about 12:00 a.m. four days a week (typically 57.5 hours per week).

37. Throughout his entire employment with Defendants, Plaintiff Armando was paid his wages in cash.

38. Throughout his entire employment with Defendants, Plaintiff Armando was paid a fixed salary of $700.00 per week.

39. Plaintiff Armando's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

40. For example, defendants required Plaintiff Armando to work an additional 30 minutes past his scheduled departure time three days a week and did not compensate him for the additional time they required him to work.

41. Defendants never provided Plaintiff Armando with meal breaks or rest periods of any kind during his work hours.

42. Prior to March 2017, Plaintiff Armando was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

43. Defendants did not provide Plaintiff Armando with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

44. Defendants never gave any notice to Plaintiff Armando, in English and in Spanish (Plaintiff Armando's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Diana Araceli Victoria Caamal*

45. Plaintiff Araceli was employed by Defendants from approximately October 2016 until on or about July 25, 2017.

46. Defendants employed Plaintiff Araceli as a salad maker and a dishwasher.

47. Plaintiff Araceli regularly handled goods in interstate commerce such as dishwashing liquids and other supplies produced outside the State of New York.

48. Plaintiff Araceli's work duties required neither discretion nor independent judgment.

49. From approximately October 2016 until on or about January 2017, Plaintiff Araceli worked from approximately 4:00 p.m. until on or about 12:00 a.m. Mondays and Tuesdays, from approximately 9:00 a.m. until on or about 12:00 a.m. on Thursdays, from approximately 4:00 p.m. until on or about 1:00 a.m. on Fridays and from approximately 9:00 a.m. until on or about 5:00 p.m. Saturdays and Sundays (typically 56 hours per week).

50. From approximately January 2017 until on or about July 2, 2017, Plaintiff Araceli worked from approximately 4:00 p.m. until on or about 12:00 a.m. Tuesdays and Wednesdays,

from approximately 9:00 a.m. until on or about 12:00 a.m. on Thursdays, from approximately 4:00 p.m. until on or about 1:00 a.m. on Fridays, from approximately 12:00 p.m. until on or about 1:00 a.m. on Saturdays and from approximately 12:00 p.m. until on or about 9:00 p.m. on Sundays (typically 62 hours per week).

51. From approximately July 3, 2017 until on or about July 25, 2017, Plaintiff Araceli worked from approximately 4:00 p.m. until on or about 12:00 a.m. Tuesdays and Wednesdays, from approximately 9:00 a.m. until on or about 12:00 a.m. on Thursdays and from approximately 4:00 p.m. until on or about 1:00 a.m. on Fridays (typically 40 hours per week).

52. Throughout her entire employment with Defendants, Plaintiff Araceli was paid her wages in cash.

53. Throughout her entire employment with Defendants, Plaintiff Araceli was paid $11.00 per hour.

54. Defendants never provided Plaintiff Araceli with meal breaks or rest periods of any kind during her work hours.

55. No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Araceli regarding overtime and wages under the FLSA and NYLL.

56. Prior to March 2017, Plaintiff Araceli was not required to keep track of her time, nor to her knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

57. Defendants did not give any notice to Plaintiff Araceli, in English and in Spanish (Plaintiff Araceli's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58. Defendants required Plaintiff Araceli to purchase "tools of the trade" with her own funds—including a pair of non-slip shoes and three shirts.

*Defendants' General Employment Practices*

59. Defendants maintained a policy and practice of requiring Plaintiffs, and all similarly situated employees, to work in excess of 40 hours per week without paying them the proper overtime compensation.

60. Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

61. Defendants habitually required Plaintiff Armando to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

62. Plaintiffs were paid their wages in cash.

63. Prior to March 2017, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

64. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

65. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

66. Defendants required Plaintiff Araceli to provide her own tools for the job, and refused to compensate her or reimburse her for these expenses.

67. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

68. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former workers.

69. Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

70. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

71. Plaintiffs bring this FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

72. At all relevant times, Plaintiffs, and other members of the FLSA Class who were similarly situated, had substantially similar job requirements and pay provisions.

73. At all relevant times, Plaintiffs, and other members of the FLSA Class who were similarly situated, were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

74. At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

75. The claims of Plaintiffs stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

76. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

77. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

78. Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

79. Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

80. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

81. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour has worked in excess of forty hours in a workweek.

82. Defendants' failure to pay Plaintiffs (and the FLSA class members) overtime compensation was willful within the meaning of NYLL § 663.

83. Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

84. Plaintiff Araceli repeats and realleges all paragraphs above as though fully set forth herein.

85. Defendants failed to pay Plaintiff Araceli one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Araceli's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

86. Defendants' failure to pay Plaintiff Araceli an additional hour's pay for each day Plaintiff Araceli's spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

87. Plaintiff Araceli was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

88. Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

89. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

90. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

91. Plaintiffs repeat and re-allege all paragraphs above as though set forth fully herein.

92. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

93. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

94. Plaintiff Araceli repeats and re-alleges all paragraphs above as though set forth fully herein.

95. Defendants required Plaintiff Araceli to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, such as non-slip shoes, further reducing her wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

96. Plaintiff Araceli was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated

rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(e) Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(j) Awarding Plaintiffs damages for the amount of unpaid overtime wages, and for any

improper deductions or credits taken against wages under the NYLL, as applicable;

(k) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m) Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
August 7, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

|   |   |
|---|---|
| By: | /s/ Michael Faillace |

                              Michael Faillace [MF-8436]
                              MICHAEL FAILLACE & ASSOCIATES, P.C.
                              Michael A. Faillace [MF-8436]
                              60 East 42nd Street, suite 4510
                              New York, New York 10165
                              Telephone: (212) 317-1200
                              Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 4, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:   **Jesus Armando Arellano Aguilar**

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:   *[signature]*

Date / Fecha:   04 de agosto de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 3, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:             Diana Araceli Victoria Caamal

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:          _[signature]_

Date / Fecha:               03 de agosto de 2017