# SETTLEMENT AGREEMENT & RELEASE

This "Settlement Agreement and Release" (the "Agreement") is made between T.F.R.C. 932 Enterprises, Ltd. d/b/a Matt's Grill and Terrance Ferguson (hereinafter collectively referred to as "Releasees", as fully defined in paragraph 2 below) on the one hand, and **JESUS ARMANDO ARELLANO AGUILAR** ("Aguilar") and **DIANA ARACELI VICTORIA CAAMAL** ("Caamal") (collectively "Releasors"), on the other hand, in order to resolve Releasors alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and the New York Labor Law, N.Y.L.L. §§ 190, *et seq.* and §§ 650, and to resolve all other claims, known or unknown, that Releasors may have against Releasees related to the action plaintiffs brought, entitled **JESUS ARMANDO ARELLANO AGUILAR and DIANA ARACELI VICTORIA CAAMAL v. T.R.F.C. 932 RESTAURANT ENTERPRISES, LTD. (d/b/a MATT'S GRILL) and TERENCE G. FERGUSON, 17 cv 5960** (the "Court Action"); and

WHEREAS, the Releasees deny that any act of unlawful conduct occurred; and

WHEREAS, the parties desire to resolve the matter without the need for litigation; and

NOW THEREFORE, in consideration of the mutual covenants and promises contained herein, and for other valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, it is agreed between Releasors and the Releasees that:

1. In full and final settlement of all their claims as hereinafter defined in paragraph 4 and the attached limited releases attached hereto as Attachment A and B, Releasors will be paid $40,000 dollars ("Settlement Amount"), as follows:

    (a) Within thirty (30) days of Court approval of the Agreement, Releasees shall give Releasors one check for $40,000 made payable to "Michael Faillace & Associates, P.C., as attorneys for Plaintiffs."

    (b) The above payment will be made by mailing the check to Releasors' attorney, Sara J. Isaacson, Esq., of Michael Faillace & Associates, P.C., within thirty (30) days after Court approval of the Agreement and after Releasees' attorney receives the following: (1) the Agreement executed and notarized by both Releasors (2) Attachments A and B executed and notarized by both Releasors, (3) an IRS form W9 from Releasors' attorneys.

    There will be no withholding for tax purposes from the portion of the Settlement Amount paid under paragraph 1 to Releasors. It is agreed the Releasors counsel will be issued an IRS Form 1099 reflecting these payments. No representations have been made to Releasors by Releasees regarding the taxability of the monies referred to in paragraph 1. Releasors understand that they will be responsible for paying any and all taxes related to the payments received under this agreement. Michael Faillace & Associates, P.C. understands that it will be responsible for paying its taxes related to the payments under Paragraph 1. Further, if Releasors fail to do so, or any taxing authority alleges that they have failed to do so, Releasors agree and understand that if it is determined by any federal, state or local taxing authority that any of the payments made to them are taxable wages, Releasors shall be fully responsible for any and all taxes, as well as any judgment or orders, fines and penalties that may be imposed on Releasees. Releasors further

agree and understand that they will defend and indemnify Releasees in all such proceedings. The taxability of the settlement monies shall not affect the validity of this agreement. Similarly, no representations have been made to Michael Faillace & Associates, P.C. by Releasees regarding the taxability of the monies referred to in paragraph 1(a).

2. Caamal and Aguilar agree to execute the releases attached hereto as Attachment A and B and to withdraw with prejudice all their claims in the Court Action by authorizing their attorney to execute and file a Stipulation of Dismissal with Prejudice.

3. RELEASORS agree not to seek future employment with the RELEASEES.

4. RELEASORS covenant and agree that they will notfile a lawsuit or initiate any legal proceedings against RELEASEES for money or other relief in connection with the claims released herein.. RELEASORS further agree that if a class, collective or representative action is or has been brought against the RELEASEES in connection with the claims released herein and they could be a participant in such action because of their employment with any of the RELEASEES, they will not act as a class, collective or representative action representative in any such action, will refrain from opting in, and will not accept any monetary relief from any such action. RELEASORS also agree that they are not a prevailing party under any law, rule or regulation and cannot, and will not, seek any claim for attorneys' fees or costs related to the any of the released claims.

5. RELEASORS agree they will not in any way disparage RELEASEES or solicit any comments, statements, or the like to the media or to others that may be considered derogatory or detrimental to the good name or business reputation of RELEASEES.

6. RELEASORS agree that they fully understand their obligations pursuant to Paragraphs 2, 3, 4, and 5, and that upon any breach of any obligation thereunder, they will be liable to RELEASEES for all monies paid under paragraph 1, and for all costs and expenses incurred by RELEASEES in defending against a suit or enforcing this Agreement, including court costs, expenses and reasonable attorneys' fees. RELEASORS further agree that any breach of Paragraphs 2, 3, 4, and 5 will also result in separate immediate and irreparable harm to the RELEASEES and, accordingly, the RELEASEES may, upon such breach or threatened breach, also seek an order of the Court for injunctive or equitable relief either to restrain a further breach or to ameliorate the continuing impact of any prior breach, in addition to the liquidated damages as set forth herein.

7. RELEASORS agree that they are barred from seeking to introduce this Agreement into evidence in any federal, state or administrative proceeding, except to prove or enforce its terms.

8. RELEASORS acknowledge that the RELEASEES do not admit that they have done anything wrong or treated RELEASORS unlawfully, and the RELEASEES specifically state that they have not violated or abridged any federal, state, or local law or ordinance, or any right or obligation that they may owe or may have owed to RELEASORS.

9. This Agreement will be construed in accordance with the laws of the State of New York, and the parties further agree to submit any dispute over a breach of this Agreement, or

arising out of this Agreement, solely to a court of appropriate jurisdiction in New York County, New York, New York, without a jury trial.

10. The RELEASORS warrant that they are fully competent to enter into this Agreement and have been afforded an opportunity to review this Agreement with their counsel, **has had a period of twenty-one days to consider the Agreement**, that they have read and understand this Agreement, and that they have signed this Agreement, knowingly and voluntarily, understanding that among other rights they are waiving herein, they are expressly waiving any claims for unpaid wages under the FLSA and NYLL, for which the employees acknowledge they have received proper consideration. RELEASORS also understand and acknowledge that they have been advised to consult with an attorney regarding this Agreement and have consulted with their counsel, Michael Faillace & Associates, P.C.

11. This Agreement will not become effective until the eighth day following RELEASORS execution of the Agreement (the "Effective Date"), and the RELEASORS may at any time prior to the Effective Date revoke this Agreement by giving notice of revocation in writing James J. Cutro, Esq, The Law Offices of James J. Cutro, PC, 1199 US Hwy 22, Mountainside, NJ 07092 (FAX 908-408-5620), by delivering such notice via the United States Post Office, certified mail, return receipt requested, post-mark dated before the Effective Date.

12. If any provision of this Agreement is held by a court of competent jurisdiction to be illegal, void or unenforceable, such provision shall have no effect; however, the remaining provisions shall be enforced to the maximum extent possible.

13. This Agreement is the final and binding agreement among the parties and supersedes all prior agreements.

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.** To signify their agreement to the terms of this Agreement the parties have executed this Agreement on the dates set forth under their signatures that appear below. This Agreement can be executed in counterparts, and a facsimile or computer scan of the Agreement is to be deemed as good as an original.

[INTENTIONAL PAGE BREAK-AGREEMENT CONTINUES ON NEXT PAGE]

**DIANA ARACELI VICTORIA CAAMAL**

**IN WITNESS WHEREOF, DIANA ARACELI VICTORIA CAAMAL** intending to be legally bound, has hereunder set her hand and seal this 23 day of April 2018.

Signature: _____
Print Name: **DIANA ARACELI VICTORIA CAAMAL**

On this 23 day of April 2018, before me personally came and appeared **DIANA ARACELI VICTORIA CAAMAL**, to me known and known to me to be the individual described in and who executed the foregoing SETTLEMENT AGREEMENT and duly acknowledged to me that she executed the same.

_____
Notary Public

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 2021

**JESUS ARMANDO ARELLANO AGUILAR**

**IN WITNESS WHEREOF, JESUS ARMANDO ARELLANO AGUILAR**, intending to be legally bound, has hereunder set him hand and seal this 23 day of April 2018.

Signature: _____
Print Name: **JESUS ARMANDO ARELLANO AGUILAR**

On this 23 day of APRIL 2018, before me personally came and appeared **AGUILAR REYES**, to me known and known to me to be the individual described in and who executed the foregoing SETTLEMENT AGREEMENT and duly acknowledged to me that he executed the same.

_____
Notary Public

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 2021

**RELEASEES**

Signature: _____
By: TERRANCE FERGUSON on behalf of himself individually and as an authorized representative of T.F.R.C. 932 Enterprises, Ltd., d/b/a Matt's Grill

Dated: _____, 2018

## DIANA ARACELI VICTORIA CAAMAL

**IN WITNESS WHEREOF, DIANA ARACELI VICTORIA CAAMAL**, intending to be legally bound, has hereunder set her hand and seal this __ day of _____ 2018.

Signature:_____

Print Name:  **DIANA ARACELI VICTORIA CAAMAL**

On this ___ day of _____ 2018, before me personally came and appeared **DIANA ARACELI VICTORIA CAAMAL**, to me known and known to me to be the individual described in and who executed the foregoing SETTLEMENT AGREEMENT and duly acknowledged to me that she executed the same.

_____
Notary Public

## JESUS ARMANDO ARELLANO AGUILAR

**IN WITNESS WHEREOF, JESUS ARMANDO ARELLANO AGUILAR**, intending to be legally bound, has hereunder set him hand and seal this __ day of _____ 2018.

Signature:_____

Print Name:  **JESUS ARMANDO ARELLANO AGUILAR**

On this ___ day of _____ 2018, before me personally came and appeared **AGUILAR REYES**, to me known and known to me to be the individual described in and who executed the foregoing SETTLEMENT AGREEMENT and duly acknowledged to me that he executed the same.

_____
Notary Public

**RELEASEES**

Signature: _____
By:  TERRANCE FERGUSON on behalf of himself individually and as an authorized representative of T.F.R.C. 932 Enterprises, Ltd., d/b/a Matt's Grill

Dated: 26 April, 2018

### Attachment A – DIANA ARACELI VICTORIA CAAMAL GENERAL RELEASE

**DIANA ARACELI VICTORIA CAAMAL**, and her heirs, executors, administrators, successors, trustees, and assigns ("RELEASOR"), in consideration for the payments set forth in paragraph 1 and for other good and valuable consideration set forth in the Agreement, completely releases and forever discharges T.F.R.C. 932 Enterprises, Ltd., d/b/a Matt's Grill, and Terrance Ferguson, and as to all the foregoing business entities and individuals, any and all parent and/or affiliate companies, subsidiaries, divisions, business units, committees, groups, predecessors, successors, assigns, trustees, heirs, administrators, executors, officers, directors, shareholders, employees, legal representatives, and agents of each of them (collectively referred to as "RELEASEES"), from all actions, causes of action, suits, debts, dues, covenants, contracts, bonuses, controversies, agreements, promises, claims, charges, complaints and demands whatsoever in law or equity, which against the RELEASEES, RELEASOR may now have or hereinafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day and date of this Agreement, arising under the New York Labor Law, N.Y.L.L. §§ 190 *et seq.* and §§ 650; the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the New York wage hour and wage-payment laws; and/or any other federal, state or local wage-hour, wage-payment rules and/or regulations, constitutions, ordinances, public policy, contract or tort laws relating to any claims for unpaid wages, or any claim arising under the common law relating to any claims for unpaid wages, occurring up to and including the date of the complete execution of this Agreement, including any claim for attorneys' fees or costs that may be available under any law, rule or regulation to a prevailing party.

**IN WITNESS WHEREOF, RELEASOR,** intending to be legally bound, has hereunder set her hand and seal this __ day of _____ 2018.

Signature:_____
Print Name:   **DIANA ARACELI VICTORIA CAAMAL**

On this ____ day of _____ 2018, before me personally came and appeared _____, to me known and known to me to be the individual described in and who executed the foregoing RELEASE and duly acknowledged to me that she executed the same.

_____
Notary Public

-5-

## Attachment B – AGUILAR REYES GENERAL RELEASE

**JESUS ARMANDO ARELLANO AGUILAR**, and his heirs, executors, administrators, successors, trustees, and assigns ("RELEASOR"), in consideration for the payments set forth in paragraph 1 and for other good and valuable consideration set forth in the Agreement, completely releases and forever discharges T.F.R.C. 932 Enterprises, Ltd., d/b/a Matt's Grill, and Terrance Ferguson, and as to all the foregoing business entities and individuals, any and all parent and/or affiliate companies, subsidiaries, divisions, business units, committees, groups, predecessors, successors, assigns, trustees, heirs, administrators, executors, officers, directors, shareholders, employees, legal representatives, and agents of each of them (collectively referred to as "RELEASEES"), from all actions, causes of action, suits, debts, dues, covenants, contracts, bonuses, controversies, agreements, promises, claims, charges, complaints and demands whatsoever in law or equity, which against the RELEASEES, RELEASOR may now have or hereinafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day and date of this Agreement, arising under the New York Labor Law, N.Y.L.L. §§ 190 *et seq.* and §§ 650; the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the New York wage hour and wage-payment laws; and/or any other federal, state or local wage-hour, wage-payment rules and/or regulations, constitutions, ordinances, public policy, contract or tort laws relating to any claims for unpaid wages, or any claim arising under the common law relating to any claims for unpaid wages, occurring up to and including the date of the complete execution of this Agreement, including any claim for attorneys' fees or costs that may be available under any law, rule or regulation to a prevailing party.

**IN WITNESS WHEREOF, RELEASOR**, intending to be legally bound, has hereunder set him hand and seal this ___ day of _____ 2018.

Signature:_____
Print Name: **JESUS ARMANDO ARELLANO AGUILAR**

On this ____ day of _____ 2018, before me personally came and appeared _____, to me known and known to me to be the individual described in and who executed the foregoing RELEASE and duly acknowledged to me that he/he executed the same.

_____
Notary Public

-6-